```
STATE OF INDIANA      )        IN THE LAKE CIRCUIT/SUPERIOR COURT
                      ) SS:
COUNTY OF LAKE        )        2009 TERM

RONALD F. KURTH,               )        45D05 0909 CT 130
                               )
    Plaintiff,                 )
                               )
vs.                            )   CAUSE NO.:
                               )
ROGELIO "ROY" DOMINGUEZ, in his capacity )
as Sheriff of Lake County, Indiana; LAKE )
COUNTY SHERIFF'S DEPARTMENT; LAKE )
COUNTY GRIEVANCE REVIEW BOARD; )
LAKE COUNTY BOARD OF COMMISSIONERS,)
INDIANA; and LAKE COUNTY, INDIANA, )
                               )
    Defendants.                )
```

Filed in Clerk's Office

SEP 0 1 2009

Thomas R. Philpot
CLERK LAKE SUPERIOR COURT

## COMPLAINT FOR DAMAGES

Comes now the Plaintiff, Ronald F. Kurth, by counsel, MATTHEW D. BARRETT, P.C., and for his Complaint for Damages against Defendants, Rogelio "Roy" Dominguez, in his capacity as Sheriff of Lake County; Indiana; Lake County Sheriff's Department; Lake County Grievance Review Board; Lake County Board of Commissioners, Indiana; and Lake County, Indiana, alleges and states as follows:

### INTRODUCTION

I.  This is an action for monetary damages brought pursuant to 42 U.S.C. § 2000(e) *et seq.*, 29 U.S.C. § 206 *et seq.*, and under the laws of the State of Indiana, and pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fifth and Fourteenth Amendments to the United States Constitution against all of the above-captioned Defendants. This Court and the federal government share concurrent jurisdiction over § 1983 claims. *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820 (1990).



2. Plaintiff alleges that Defendants unlawfully retaliated against him by terminating his employment, deprived him of a property interest in his continued employment without due process of law, breached an employment contract, discriminated against him by not paying equal pay, intentionally and negligently inflicted emotional distress, and tortiously interfered with a business relationship/contract of employment.

## THE PARTIES

3. Plaintiff, Ronald F. Kurth, (hereinafter referred to as "Kurth""), is and was at all material times to this action a citizen and resident of Crown Point, Lake County, State of Indiana.

4. Defendant, Rogelio "Roy" Dominguez (hereinafter referred to as "Sheriff Dominguez"), is and was at all material times to this action the duly elected Sheriff of Lake County, Indiana, acting under color of law, to-wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Indiana and/or the Lake County, Indiana.

5. Defendant, Lake County Sheriff's Department (hereinafter referred to as the "Sheriff's Department"), is and was at all material times to this action a law enforcement entity duly formed and operating pursuant to the statutes, ordinances, regulations, policies, customs and usages of the State of Indiana and/or the Lake County, Indiana. Specifically, the Sheriff's Department was charged with the responsibility of operating the Lake County Sheriff's Work Release Program (hereinafter referred to as the "Work Release Program").

6. Defendant, Lake County Grievance Board (hereinafter referred to as "Grievance Board"), is and was at all material times to this action was the entity responsible for overseeing and implementing all employment procedures and regulations relating to individuals employed

by the Sheriff's Department and Lake County, Indiana, and operating pursuant to the statutes, ordinances, regulations, policies, customs and usages of the State of Indiana and/or the Lake County, Indiana.

7. Defendant, Lake County Board of Commissioners, Indiana (hereinafter referred to as the "Commissioners"), is and was at all material times to this action the duly elected governing body of Lake County, Indiana, and duly formed and operating pursuant to the statutes, ordinances, regulations, policies, customs and usages of the State of Indiana and/or the Lake County, Indiana.

8. Defendant, Lake County, Indiana (hereinafter "Lake County") is and was at all material times to this action a governmental entity in Indiana, and duly formed and operating pursuant to the statutes, ordinances, regulations, policies, customs and usages of the State of Indiana and/or the Lake County, Indiana.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9. On or about December 13, 2005, Kurth retired from the Sheriff's Department after having served as a law enforcement officer for nearly thirty four (34) years. On or about that same day, the Sheriff's Department re-hired Kurth as Head Investigator of the Sheriff's Department's Work Release Program. Kurth was subsequently promoted to the position of Executive Director of the Work Release Program.

10. During Kurth's tenure as Executive Director of the Work Release Program, Kurth was paid substantially less than his predecessors. When Kurth assumed the position, Kurth was never told why his rate of pay was less. Kurth questioned this, but he was never provided with an explanation.

11. Furthermore, during the tenure as Executive Director of the Work Release Program, Kurth was the immediate supervisor of Sgt. Dan Murchek (hereinafter referred to as "Sgt. Murchek") of the Sheiff's Department.

12. On or about August 13, 2008, Kurth permitted Sgt. Murchek to attend a Lake County Police Union (hereinafter referred to as "LCPU") meeting held on that same day. By virtue of a written contract with the Sheriff's Department, Sgt. Murchek was entitled to attend all LCPU meetings.

13. Sheriff Dominguez discovered that Kurth had permitted Sgt. Murchek to attend the LCPU meeting and became very angry with Kurth. Sheriff Dominguez screamed at Kurth, used vulgar language, and told Kurth that he should not have permitted Sgt. Murchek to attend the LCPU meeting. Sheriff Dominguez and Sgt. Murchek had always been adversaries due to numerous union problems between LCPU and the Sheriff's Department.

14. On or about August 19, 2008, Kurth sent a letter to Sheriff Dominguez and advised that he wished to be demoted from the position of Executive Director of the Work Release Program and assume another position with the Sheriff's Department.

15. On or about September 12, 2008, Kurth filed a written grievance with the Grievance Review Board and requested a hearing, as permitted by the terms of the Lake County Employee Handbook, in order to clarify his employment status with the Sheriff's Department.

16. On or about October 6, 2008, the Grievance Board held a meeting, without the presence of Kurth, and summarily decided to dismiss Kurth's grievance, which denied Kurth a right to a hearing as guaranteed by the terms of the Lake County Employee Handbook.

17. On or about November 20, 2008, Kurth received a letter from the attorney for the Grievance Board, Jewell Harriss, Jr. The letter advised Kurth, in relevant part: "Lake County

Personnel Policies preclude non-county employees from bringing before the board. As such, the Board voted to dismiss your grievance."

18. Kurth has exhausted all administrative remedies prior to the filing of this action.

## CLAIMS FOR RELIEF

### Count I: Retaliation

1-18. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 1 through 18 above and makes them the same as to all allegations contained within Count I of his Complaint for Damages.

19. Kurth engaged in protected employment activity when he permitted Sgt. Murchek to attend the LCPU meeting.

20. Sheriff Dominguez's disagreement concerning Sgt. Murchek's attendance of the LCPU meeting amounted to an unlawful employment practice.

21. Sheriff Dominguez unlawfully retaliated by terminating Kurth from the Sheriff's Department. The other Defendants approved of Sheriff Dominguez's conduct and, therefore, are liable, both jointly and severally.

22. 42 U.S.C. § 2000(e) *et seq.* makes it unlawful for an employer to discriminate against an employee who has opposed an unlawful employment practice.

23. Having engaged in action protected by 42 U.S.C. § 2000(e) *et seq.*, which directly and proximately caused an adverse employment action, Kurth had his rights under 42 U.S.C. § 2000(e) *et seq.* violated.

24. Defendants' actions, jointly and severally, were willful and wanton and/or done with reckless disregard for Kurth's protected rights and the harm caused to Kurth.

25. As a direct and proximate result of the acts committed by Defendants as alleged aforesaid, Kurth has in the past and will in the future suffer mental and emotional pain and suffering, distress, embarrassment, loss of reputation, humiliation, imposition of a stigma upon him that forecloses or otherwise limits Kurth's freedom to take advantage of other employment opportunities, and economic loss.

WHEREFORE, Plaintiff, Ronald F. Kurth, by counsel, requests judgment against Defendants in an amount which will fully and fairly compensate him for his injuries and damages including, but not limited to, benefits of employment, lost income including future income, pain and suffering, pre-judgment interest, post-judgment interest, attorney's fees, costs, and such other relief as the Court deems just, proper and equitable.

### Count II: Deprivation of Property Interest Without Due Process

1-18. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 1 through 18 above and makes them the same as to all allegations contained within Count II of his Complaint for Damages.

19-25. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 19 through 25 above and makes them the same as to all allegations contained within Count II of his Complaint for Damages.

26. Kurth properly requested for a demotion from the position of Executive Director of the Work Release Program as permitted by the terms of the Lake County Employee Handbook.

27. Sheriff Dominguez unlawfully terminated Kurth from the Sheriff's Department. The other Defendants approved of Sheriff Dominguez's conduct and, therefore, are liable, both jointly and severally.

28. The Grievance Board, with the knowledge and consent of the other Defendants, denied Kurth a grievance hearing or other procedural protections of the rights contained in the Lake County Employee Handbook in order to address the unlawful employment termination.

29. Kurth's employment termination gives rise to a liberty interest under the Fifth and Fourteenth Amendments of the United States Constitution and entitle Kurth to a procedural opportunity to remedy the unlawful termination.

30. Defendants have never afforded Kurth any procedural opportunity to seek relief from the employment termination.

31. Defendants' actions, jointly and severally, were willful and wanton and/or done with reckless disregard for Kurth's protected rights and the harm caused to Kurth.

32. By perpetuating an otherwise unlawful employment termination under the color of authority and without any due process under law, Defendants have caused damage to Kurth. Kurth has in the past and will in the future suffer mental and emotional pain and suffering, distress, embarrassment, loss of reputation, humiliation, imposition of a stigma upon him that forecloses or otherwise limits Kurth's freedom to take advantage of other employment opportunities, and economic loss.

WHEREFORE, Plaintiff, Ronald F. Kurth, by counsel, requests judgment against Defendants in an amount which will fully and fairly compensate him for his injuries and damages including, but not limited to, benefits of employment, lost income including future

income, pain and suffering, pre-judgment interest, post-judgment interest, attorney's fees, costs, and such other relief as the Court deems just, proper and equitable.

### Count III: Breach of Contract

1-18. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 1 through 18 above and makes them the same as to all allegations contained within Count III of his Complaint for Damages.

19-25. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 19 through 25 above and makes them the same as to all allegations contained within Count III of his Complaint for Damages.

26-32. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 26 through 32 above and makes them the same as to all allegations contained within Count III of his Complaint for Damages.

33. Kurth's employment with the Sheriff's Department was held under both express and implied promises of job security and in accordance with the Lake County Employee Handbook, all of which constituted a contract of employment. A copy of the Lake County Employee Handbook is attached as Exhibit "I," and incorporated herein.

34. Defendants' actions, jointly and severally, of terminating Kurth's employment and their failure to reinstate him despite being requested to do so constitutes a willful breach of his employment contract.

35. As a direct and proximate result of the acts committed by Defendants as alleged aforesaid, Kurth has in the past and will in the future suffer mental and emotional pain and suffering, distress, embarrassment, loss of reputation, humiliation, imposition of a stigma upon

him that forecloses or otherwise limits Kurth's freedom to take advantage of other employment opportunities, and economic loss.

WHEREFORE, Plaintiff, Ronald F. Kurth, by counsel, requests judgment against Defendants in an amount which will fully and fairly compensate him for his injuries and damages including, but not limited to, benefits of employment, lost income including future income, pain and suffering, pre-judgment interest, post-judgment interest, attorney's fees, costs, and such other relief as the Court deems just, proper and equitable.

### Count IV: Violation of the Equal Pay Act

1-18.   Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 1 through 18 above and makes them the same as to all allegations contained within Count IV of his Complaint for Damages.

19-25.   Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 19 through 25 above and makes them the same as to all allegations contained within Count IV of his Complaint for Damages.

26-32.   Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 26 through 32 above and makes them the same as to all allegations contained within Count IV of his Complaint for Damages.

33-35.   Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 33 through 35 above and makes them the same as to all allegations contained within Count IV of his Complaint for Damages.

36.   The Equal Pay Act, 29 U.S.C. § 206 *et seq.*, prohibits covered employers from compensating male and female employees differently for permitting equal work.

37. Defendants discriminated against Kurth by paying wages at a lesser rate of pay than compared payment of wages to employee(s) of the opposite sex for equal work on jobs the performance of which requires equal skill, effort and responsibility and which performed under similar working conditions.

38. As a direct and proximate result of the acts committed by Defendants as alleged aforesaid, Kurth has in the past and will in the future suffer mental and emotional pain and suffering, distress, embarrassment, loss of reputation, humiliation, imposition of a stigma upon him that forecloses or otherwise limits Kurth's freedom to take advantage of other employment opportunities, and economic loss.

WHEREFORE, Plaintiff, Ronald F. Kurth, by counsel, requests judgment against Defendants in an amount which will fully and fairly compensate him for his injuries and damages including, but not limited to, benefits of employment, lost income including future income, pain and suffering, pre-judgment interest, post-judgment interest, attorney's fees, costs, and such other relief as the Court deems just, proper and equitable.

### Count V: Intentional Infliction of Emotional Distress

1-18. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 1 through 18 above and makes them the same as to all allegations contained within Count V of his Complaint for Damages.

19-25. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 19 through 25 above and makes them the same as to all allegations contained within Count V of his Complaint for Damages.

26-32. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 26 through 32 above and makes them the same as to all allegations contained within Count V of his Complaint for Damages.

33-35. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 33 through 35 above and makes them the same as to all allegations contained within Count V of his Complaint for Damages.

36-38. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 36 through 38 above and makes them the same as to all allegations contained within Count V of his Complaint for Damages.

39. Defendants engaged in extreme and outrageous conduct which intentionally or recklessly caused Kurth to suffer severe emotional distress.

40. As a direct and proximate result of the acts committed by Defendants as alleged aforesaid, Kurth has in the past and will in the future suffer mental and emotional pain and suffering, distress, embarrassment, loss of reputation, humiliation, imposition of a stigma upon him that forecloses or otherwise limits Kurth's freedom to take advantage of other employment opportunities, and economic loss.

WHEREFORE, Plaintiff, Ronald F. Kurth, by counsel, requests judgment against Defendants in an amount which will fully and fairly compensate him for his injuries and damages including, but not limited to, benefits of employment, lost income including future income, pain and suffering, pre-judgment interest, post-judgment interest, attorney's fees, costs, and such other relief as the Court deems just, proper and equitable.

### Count VI: Negligent Infliction of Emotional Distress

1-18. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 1 through 18 above and makes them the same as to all allegations contained within Count VI of his Complaint for Damages.

19-25. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 19 through 25 above and makes them the same as to all allegations contained within Count VI of his Complaint for Damages.

26-32. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 26 through 32 above and makes them the same as to all allegations contained within Count VI of his Complaint for Damages.

33-35. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 33 through 35 above and makes them the same as to all allegations contained within Count VI of his Complaint for Damages.

36-38. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 36 through 38 above and makes them the same as to all allegations contained within Count VI of his Complaint for Damages.

39-40. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 39 through 40 above and makes them the same as to all allegations contained within Count VI of his Complaint for Damages.

41. Defendants actions as stated aforesaid negligently caused Kurth to sustain emotional trauma, which was and continues to be serious in nature and of a kind and extent normally expected to occur in a reasonable person.

42. As a direct and proximate result of the acts committed by Defendants as alleged aforesaid, Kurth has in the past and will in the future suffer mental and emotional pain and suffering, distress, embarrassment, loss of reputation, humiliation, imposition of a stigma upon him that forecloses or otherwise limits Kurth's freedom to take advantage of other employment opportunities, and economic loss.

WHEREFORE, Plaintiff, Ronald F. Kurth, by counsel, requests judgment against Defendants in an amount which will fully and fairly compensate him for his injuries and damages including, but not limited to, benefits of employment, lost income including future income, pain and suffering, pre-judgment interest, post-judgment interest, attorney's fees, costs, and such other relief as the Court deems just, proper and equitable.

**Count VII: Tortious Interference With Business Relationship/Contract of Employment**

1-18. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 1 through 18 above and makes them the same as to all allegations contained within Count VII of his Complaint for Damages.

19-25. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 19 through 25 above and makes them the same as to all allegations contained within Count VII of his Complaint for Damages.

26-32. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 26 through 32 above and makes them the same as to all allegations contained within Count VII of his Complaint for Damages.

33-35. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 33 through 35 above and makes them the same as

to all allegations contained within Count VII of his Complaint for Damages.

36-38. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 36 through 38 above and makes them the same as to all allegations contained within Count VII of his Complaint for Damages.

39-40. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 39 through 40 above and makes them the same as to all allegations contained within Count VII of his Complaint for Damages.

41-42. Kurth repeats and re-alleges, as though fully set forth herein, all allegations and matters contained in rhetorical paragraphs 41 through 42 above and makes them the same as to all allegations contained within Count VII of his Complaint for Damages.

43. A valid business relationship and enforceable contract existed with respect to Kurth's employment with the Sheriff's Department.

44. Defendants tortiously interfered with said business relationship and/or employment contract, without justification, which caused Kurth to lose his employment with the Sheriff's Department.

45. As a direct and proximate result of the acts committed by Defendants as alleged aforesaid, Kurth has in the past and will in the future suffer mental and emotional pain and suffering, distress, embarrassment, loss of reputation, humiliation, imposition of a stigma upon him that forecloses or otherwise limits Kurth's freedom to take advantage of other employment opportunities, and economic loss.

WHEREFORE, Plaintiff, Ronald F. Kurth, by counsel, requests judgment against Defendants in an amount which will fully and fairly compensate him for his injuries and damages including, but not limited to, benefits of employment, lost income including future

income, pain and suffering, pre-judgment interest, post-judgment interest, attorney's fees, costs, and such other relief as the Court deems just, proper and equitable.

Respectfully submitted,

MATTHEW D. BARRETT, P.C.

By: *[signature]*
Matthew D. Barrett (#23884-64)
1730 East Market Street
Logansport, Indiana 46947
Telephone: (574) 753-3300
Facsimile: (574) 753-3302

## JURY DEMAND

Comes now Plaintiff, Ronald F. Kurth, by counsel, and requests trial by jury as to all claims, issues and matters contained within this Complaint for Damages

*[signature]*
Matthew D. Barrett (#23884-64)

Dated: September 1, 2009.